David A. GROVE, Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY, Department of Justice, Defense Intelligence Agency, Department of Defense, United States Secret Service, Federal Bureau of Investigation, National Security Agency, Drug Enforcement Administration, China Lake Naval Weapons Center, Department of the Navy, DEA Field Office, Secret Service Field Office, and FBI Field Office, Defendants.

Civil A. No. 89–90 SSH.

United States District Court, District of Columbia.

Dec. 14, 1990.

---

Daniel S. Alcorn, Vienna, Va., for plaintiff.

Charles L. Hall, Asst. U.S. Atty., Washington, D.C., for defendants.

## OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendants' motion to dismiss or, in the alternative, for summary judgment. For the reasons set forth below, defendants' motion is granted in part and denied in part.

## BACKGROUND

Plaintiff, a former police officer for the Philadelphia Police Department, is a defendant in a criminal proceeding in the United States District Court for the Eastern District of Pennsylvania. The criminal charges arise out of plaintiff's service as an undercover police officer assigned to narcotics enforcement in a special narcotics unit known as 5–squad.

By letter dated November 16, 1988, plaintiff requested that the defendant agencies provide access to or copies of a number of records, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. In essence, the records plaintiff requested fall into two categories: (1) records pertaining to Bradley F. Bryant, Larry E. Bryant, Roger Barnard, all three of whom were arrested by plaintiff and other members of the 5–squad during a raid in Philadelphia in 1980, and Col. James Atwood (requests 1–4), and (2) records pertaining to plaintiff and five co-defendants in his criminal case (request 5).

**30**

Plaintiff filed this action on January 12, 1989, claiming that the defendants had failed to respond to his requests within the time limitations of the FOIA. On August 17, 1989, the Court ordered the Government to submit a *Vaughn* index and motion for summary judgment by September 7, 1989. In response, the Government filed the motion now before the Court.

## DISCUSSION

### 1. *The Group A Defendants*

Several defendants, referred to in their motion as the Group A defendants, submit that they have diligently searched their files for documents responsive to plaintiff's request, but that they have not found any such documents.[1] They argue, therefore, that as to them, plaintiff's action should be dismissed as moot. Plaintiff argues that because these defendants have not searched their files for records responsive to plaintiff's requests 1–4, *i.e.*, records pertaining to Bradley F. Bryant, Larry E. Bryant, Roger Barnard, and Col. James Atwood, their motion to dismiss on mootness grounds must be denied.

The declarations provided by representatives of these four defendants in support of their position indicate that they refused to search for records responsive to plaintiff's requests 1–4, absent signed release authorizations from the individuals that were the subjects of those requests. *See* Def.'s Memorandum, Attachments A–D. Plaintiff did not provide the release authorizations, and, consequently, the Group A defendants did not search for the records.

The defendants, however, have failed to properly claim legal exemptions under the FOIA which would justify granting summary judgment as to requests 1–4. In paragraph 4 of the Declaration set forth at Attachment A, Dr. Richard W. Gronet, Director of Policy for the NSA, states merely that plaintiff was informed by letter that such information "would be protected under the sixth exemption of the FOIA because its release would be an unwarranted invasion of personal privacy." He also makes passing reference to the Privacy Act, 5 U.S.C. § 552a. In other declarations set forth at Attachments B–E, declarants state in conclusory fashion that information regarding individuals for whom plaintiff has not provided release authorizations could not be produced.

 The Court can only assume that the agencies which require release authorizations do so as a matter of course, pursuant to the Privacy Act. However, it is clear that the Privacy Act is not to be used "as a barrier to FOIA access." *Greentree v. United States Customs Serv.*, 674 F.2d 74, 79 (D.C.Cir.1982). Under 5 U.S.C. § 552a(t)(2),

> No agency shall rely on any exemption in this section to withhold from an individual any record which is otherwise accessible to such individual under the provisions of section 552 of [the FOIA].

Moreover, the burden is on an agency to prove that the requested information is exempt from FOIA disclosure. *Sims v. CIA*, 642 F.2d 562, 567–68 (D.C.Cir.1980), *later app.*, 709 F.2d 95 (D.C.Cir.1983), *aff'd in part, rev'd in part*, 471 U.S. 159, 105 S.Ct. 1881, 85 L.Ed.2d 173 (1985). The Group A defendants have either failed to claim legal exemptions under the FOIA, or they have failed to provide support for a claim that an exemption would apply. Thus, the Group A defendants' motion to dismiss must be denied.[2]

Plaintiff does not, however, challenge the adequacy of the Group A defendants' search for records responsive to request 5.[3] Summary judgment is therefore granted in

**1.** The Group A defendants are the National Security Agency (NSA), the Defense Intelligence Agency (DIA), the Department of the Navy (Navy), and the Drug Enforcement Administration (DEA).

**2.** Although the DEA's motion to dismiss on mootness grounds has been denied, plaintiff's claims against the DEA will be dismissed below for failure to exhaust administrative remedies.

**3.** Plaintiff does argue that the Court should not grant any part of defendants' motion while the status of some agency searches is incomplete. The Court disagrees. The Group A defendants have provided declarations to support the adequacy of their searches with respect to request 5, and plaintiff has not challenged them. Defendants are entitled to know where to direct any further searches, or if applicable, any

favor of the Group A defendants, with the exception of the DEA, as to request 5.

## 2. *The Group B Defendants*

The Group B defendants first argue that plaintiff has failed to exhaust his administrative remedies, as is required prior to seeking judicial relief under the FOIA.[4] "It goes without saying that exhaustion of remedies is required in FOIA cases." *Dettmann v. United States Dept. of Justice*, 802 F.2d 1472, 1476 (D.C.Cir.1986). If an agency does not make a determination as to whether it will comply with a FOIA request and notify the party making the request within ten working days, the party making the request under the FOIA shall be deemed to have exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C). However, "if the agency responds to a FOIA request before the requester files suit, the ten-day constructive exhaustion provision in 5 U.S.C. § 552(a)(6)(C) no longer applies; actual exhaustion of administrative remedies is required." *Oglesby v. Dept. of the Army*, 920 F.2d 57, 61 (D.C. Cir.1990). The agency response must include the agency's determination as to whether it will comply with the FOIA request, the reasons for the decision, and notice of the right to an administrative appeal. *Id.* at 64–65.

■ Plaintiff did not administratively appeal the denial of information by either the Group A or the Group B defendants. However, most of the defendant agencies neither complied with the ten working day requirement nor responded before January 12, 1989, the date on which plaintiff filed suit. As to these agencies, plaintiff is deemed to have exhausted his administrative remedies, and defendants' argument fails. However, the DEA and the CIA did

respond properly to plaintiff's request before plaintiff filed this lawsuit.[5] Thus, plaintiff's claims against these two agencies must be dismissed for failure to exhaust administrative remedies. However, because "the precise requirements of FOIA exhaustion have heretofore not been sufficiently certain," *id.* at 65, the Court will allow plaintiff to appeal his claims to the DEA and CIA, regardless of any appeal deadlines these agencies might have. If plaintiff chooses to do so, he may appeal to the DEA and the CIA within 60 days of the date of this Opinion. *See id.*

The Group B defendants next claim that summary judgment is appropriate as to them, because they have properly claimed exemptions when documents have been withheld. The Court agrees as to the search conducted by the Secret Service, and plaintiff does not challenge either the adequacy of the search or the validity of the exemptions claimed. Thus, summary judgment is granted as to the Secret Service.

As for the DOJ, the Executive Office of United States Attorneys withheld disclosure of responsive documents pending the trial of plaintiff and his criminal co-defendants, but offered to make a disclosure determination upon completion of the criminal trial. Plaintiff has indicated that he wishes the EOUSA to make the determination, and the Court finds that it is appropriate now that plaintiff's trial has concluded. Therefore, summary judgment as to the Department of Justice would be premature at this time, and thus is denied.

## 3. *The Federal Bureau of Investigation.*

■ The Federal Bureau of Investigation (FBI) has moved for summary judg-

---

claims of exemptions, once this Opinion is issued.

4. The Group B defendants are the Central Intelligence Agency (CIA), the Department of Justice (DOJ), and the Secret Service.

5. Plaintiff's counsel provides a declaration in which he claims that he did not receive the CIA's response, dated December 6, 1988, until January 14, 1989. While the Court is hesitant to question the truth of the declaration, the Court

notes that the December 6, 1988, response from the CIA requested additional information and a release authorization, which plaintiff then provided in a letter dated December 12, 1988. The CIA then acknowledged the December 12 letter on January 3, 1989. Thus, even if plaintiff did not receive the CIA's response until five weeks after it was mailed, which seems unlikely, the follow-up correspondence would indicate to plaintiff that the CIA had made a compliance determination.

ment on the grounds that there is no genuine issue of material fact, because it has produced all documents responsive to plaintiff's request which are not subject to FOIA exemptions. Plaintiff challenges the failure of the FBI, just as it did the failure of the Group A defendants, to produce documents responsive to requests 1–4, namely, records related to the Bryants, Barnard, and Atwood.

The FBI refused to release any records responsive to requests 1–4, absent notarized release authorizations from the individuals, pursuant to the exemptions set forth in 5 U.S.C. § 552(b)(6) and (b)(7)(C). The claimed exemptions are designed to protect individuals from unwarranted invasions of personal privacy. "In determining the applicability of [these exemptions], the court must undertake a balancing of the public interest in disclosure on the one side and the individual's interest in privacy on the other." *Fund for Constitutional Gov't v. National Archives & Records Serv.,* 656 F.2d 856, 862 (D.C.Cir.1981). The burden is, of course, on the FBI to prove that the balance tips in favor of privacy and justifies the exemption. *See Sims,* 642 F.2d at 567–68. Although the FBI refers to this balancing test and concludes that the individuals' interest in privacy outweighs the public interest in disclosure, it fails to explain its conclusion. The FBI does not address plaintiff's assertion that the arrest and investigation of these individuals was highly publicized, or the fact that the CIA and the Secret Service released records pertaining to these individuals. Without more information from the FBI, the Court is unable to hold that there is no genuine issue of material fact and strike the balance in favor of the individuals' privacy interests. Therefore, the FBI's motion for summary judgment as to requests 1–4 must be denied.

Summary judgment is granted, however, in favor of the FBI as to request 5.

An appropriate Order accompanies this Opinion.

### ORDER

Upon consideration of defendants' motion to dismiss or, in the alternative, for summary judgment, plaintiff's opposition thereto, and the entire record herein, and for the reasons set forth in the accompanying Opinion, it hereby is

ORDERED, that the complaint is dismissed as to the DEA and the CIA. Plaintiff shall have 60 days from the date of this Order within which to appeal his claims to the DEA and the CIA. It hereby further is

ORDERED, that summary judgment is granted in favor of the Secret Service. It hereby further is

ORDERED, that the motion to dismiss of the NSA, the DIA, and the Navy is denied as to plaintiff's requests 1–4. It hereby is

ORDERED, that the FBI's motion for summary judgment as to plaintiff's requests 1–4 is denied. It hereby further is

ORDERED, that summary judgment is granted in favor of the NSA, the DIA, the Navy, and the FBI, as to plaintiff's request 5. It hereby is

ORDERED, that the motion for summary judgment is denied as to the DOJ.

SO ORDERED.