**Grant PECK, Plaintiff,**

v.

**CENTRAL INTELLIGENCE AGENCY, Defendant.**

**No. 91 Civ. 7532 (MBM).**

United States District Court, S.D. New York.

March 25, 1992.

Grant Peck, pro se.

Otto G. Obermaier, U.S. Atty., Southern Dist., New York, Edward Scarvalone, Asst. U.S. Atty., New York City, for defendant.

## OPINION AND ORDER

MUKASEY, District Judge.

Plaintiff, Grant Peck, sues under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel defendant, the Central Intelligence Agency, to release certain classified documents. Defendant moves to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. For the reasons set forth below, defendant's motion is granted.

### I.

Plaintiff is the Editor of *Manager Magazine* in Bangkok, Thailand. (Complaint ¶ 3) On August 24, 1981, he wrote the CIA's Freedom of Information Officer, requesting access to the CIA's files on Claudia Ross, an American writer who was murdered in Bangkok in March 1974. Plaintiff requested the information in order to write an article on the Ross murder. (Letter from Peck to CIA 8/24/81)

On September 11, 1981, plaintiff received a letter from John E. Bacon, then Information and Privacy Coordinator at the CIA, stating that the CIA was holding plaintiff's request pending receipt of a death certificate and a determination of the fee to be charged for the search. In response, plaintiff sent Bacon further information on Ross and noted that a maximum of $100 in charges would be acceptable. In a letter dated October 23, 1981, Bacon informed plaintiff that the CIA would be unable to process his request within 10 working days because of a heavy backlog of information requests. Bacon wrote: "it is your right to construe this as a denial, subject to appeal to the CIA Information Review Committee. It would seem more reasonable, however, for us to continue processing your request and to respond as soon as feasible." (Letter from Bacon to Peck 10/23/81)

On August 13, 1984, Larry R. Strawderman, the CIA's new Information and Privacy Coordinator, responded to plaintiff's request. He sent one newspaper clipping and wrote that all other information on Ross was classified under 5 U.S.C. § 552(b)(1). Plaintiff appealed the determination to the CIA Information Review Committee on September 10, 1984. The appeal was denied on February 13, 1986, and this suit was filed on October 25, 1991.

### II.

When the United States consents to suit, the terms of its waiver of sovereign immunity define the jurisdiction of the federal courts. *United States v. Mottaz*, 476 U.S. 834, 841, 106 S.Ct. 2224, 2229, 90 L.Ed.2d 841 (1986). "When waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity." *Block v. North Dakota*, 461 U.S. 273, 287, 103 S.Ct. 1811, 1820, 75 L.Ed.2d 840 (1983); *see Akutowicz v. United States*, 859 F.2d 1122, 1125 (2d Cir.1988) (applying the Privacy Act's statute of limitations). Accordingly, when the United States is a defendant, "'strict compliance'" with the statute of limitations "'is a jurisdictional prerequisite.'" *See Akutowicz*, 859 F.2d at 1126 (quoting *Diliberti v. United States*, 817 F.2d 1259, 1261 (7th Cir.1987)).

FOIA does not include a statute of limitations; therefore, the applicable statute of limitations is 28 U.S.C. § 2401(a) (1978), the general statute of limitations for suits brought against the United States. *Spannaus v. United States Dept. of Justice*, 824 F.2d 52, 55 (D.C.Cir.1987); *see Bornholdt v. Brady*, 869 F.2d 57, 64 (2d Cir.1989). That section states that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

The "right of action" referred to in § 2401(a) is "not the right to administrative action but the right to file a civil action in the courts of the United States." *Crown Coat Front Co. v. United States*, 386 U.S. 503, 511, 87 S.Ct. 1177, 1182, 18 L.Ed.2d 256 (1967). Generally, in suits brought against government agencies that right accrues only when administrative remedies are fully exhausted. *Dettman v. United States Dept. of Justice*, 802 F.2d 1472, 1477 (D.C.Cir.1986). FOIA, however, includes an unusual provision that permits

judicial review when administrative remedies are constructively exhausted. *See Spannaus*, 824 F.2d at 58. Pursuant to 5 U.S.C. § 552(a)(6)(C):

> Any person making a request to any agency for records ... shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.

The "applicable time limit" referred to in § 552(a)(6)(C) is set forth in § 552(a)(6)(A)(i) which states that the agency shall "determine within ten [working] days after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore." The time limit provisions also require the agency to "make a determination" in an administrative appeal within 20 working days of receipt of the appeal. 5 U.S.C. § 552(a)(6)(A)(ii). Under FOIA, administrative remedies are constructively exhausted and a cause of action accrues when an agency "fails to comply" with either of the "time limit provisions." *Spannaus*, 824 F.2d at 58.

■ Plaintiff filed his request on August 24, 1981, and was notified of the CIA's determination on August 13, 1984. Therefore, under § 552(a)(6)(C), plaintiff constructively exhausted his administrative remedies, and could have filed suit, as early as September 1981. Because the limitations period expires six years after the action first accrues, it appears that plaintiff's complaint, filed on November 7, 1991, is time barred. Plaintiff, however, raises several arguments in an attempt to salvage his complaint.

■ He argues first that because he received a "response" to his request on September 11, 1981, within the 10–day window provided for in § 552(a)(6)(A)(i), the statute of limitations did not begin to run until after his administrative appeal was denied on February 13, 1986. The September 11 letter, however, merely informed plaintiff that his request was being held pending receipt of additional information. In contrast, the statute plainly requires a "determination" of whether the agency will "comply" with the request and a prompt notification of that determination within 10 days. 5 U.S.C. § 552(a)(6)(A)(i). Acknowledgment of a request is not the equivalent of a "determination." *See Spannaus*, 824 F.2d at 56 n. 9. Therefore, plaintiff's cause of action accrued and the statute of limitations began to run 10 days after the CIA received his request.

■ Plaintiff also asserts that in FOIA actions the statute of limitations should be tolled while a request for information is pending. Presumably, the reasoning is that federal agencies, burdened by information requests, find it difficult, if not impossible, to make a determination within 10 days. In addition, plaintiff argues that requesters should not lose their right of review in a district court because they delayed filing suit in reliance on an agency's representation that, although delayed, a determination would be forthcoming. As the *Spannaus* court noted, it is possible that "an unwitting requester [may be] duped by an agency into waiting for a response six years from the date of accrual." 824 F.2d at 60–61.

However, tolling the statute of limitations after acknowledgment of receipt of a request but pending an agency's determination, would be contrary to a common sense interpretation of the statutory scheme. The purpose of the constructive exhaustion provision goes beyond providing a right to judicial review once a request is denied. The requester is permitted to file suit after 10 days in order to ensure speedy compliance with FOIA requests. *See Spannaus*, 824 F.2d at 58. For this reason, suit can be brought regardless of whether the agency has acknowledged the request or has indicated that it is conducting a search; therefore, the statute of limitations runs while the request is pending. *See Id.* at 56.

The notion that government agencies need to be protected from the administrative difficulties engendered by FOIA requests is similarly unpersuasive. The statute provides that once suit is filed: "If the

Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records." 5 U.S.C. § 552(a)(6)(C). It is evident that in addition to providing the requester with a remedy to accelerate access to information, § 552(a)(6)(C) also protects government agencies against administrative difficulties. *See Open America v. Watergate Special Prosecution Force,* 547 F.2d 605, 610 (D.C.Cir.1976) (it is proper to grant an extension of time to make a determination when an agency is overburdened by information requests). Therefore, tolling the statute of limitations in order to protect agencies from a flood of litigation by plaintiffs whose requests are pending is both unnecessary and contrary to the express provisions of FOIA. Congress has already addressed the issue and, in fact, has invited such litigation in order to ensure a rapid response to requests for information.

In support of his arguments in favor of tolling the statute of limitations, plaintiff relies on *Oglesby v. United States Dept. of Army,* 920 F.2d 57 (D.C.Cir.1990). *Oglesby* considered the question of whether there must be actual as opposed to constructive exhaustion if an agency provides a determination after expiration of the 10–day period but before plaintiff files suit. The court held that under such circumstances an administrative appeal is mandatory. *Id.* at 63; *see Grove v. C.I.A.,* 752 F.Supp. 28, 31 (D.D.C.1990). This holding, despite plaintiff's assertions to the contrary, does not address the issue of whether the statute of limitations is tolled pending an agency's determination. At most, what follows from *Oglesby* is that the statute of limitations is tolled from the date the initial determination is made until the 20–day window closes on the appeal determination. The reasoning that justifies that result is because plaintiff is required to pursue an administrative appeal, he is unable to file suit in a district court during the time his appeal is pending. Here, such a rule would result in an extension of less than one month and, as a result, would not save

plaintiff's complaint, filed almost ten years after expiration of the initial 10–day period.

■ Plaintiff also raises several equitable arguments. However, because § 2401(a) is a waiver of sovereign immunity and a jurisdictional constraint, it cannot be relaxed based on equitable considerations. *Anderberg v. United States,* 718 F.2d 976, 977 (10th Cir.1983) (applying § 2401(b)), *cert. denied,* 466 U.S. 939, 104 S.Ct. 1916, 80 L.Ed.2d 463 (1984). In any event, dismissal pursuant to § 2401(a) would not work an unreasonably harsh result. Although the CIA encouraged plaintiff to await its determination, it also informed him that it would not be able to make a determination within the 10–day period and that he was entitled to an immediate administrative appeal. (Letter from Bacon to Peck 10/23/81) Moreover, plaintiff was notified that his appeal was denied in February 1986 and had until September 1987 to file a timely complaint. Instead, he waited more than 5 years to file suit.

Finally, there is nothing in the statute that prevents plaintiff from refiling an identical request with the CIA and thereby restarting the process. *Spannaus,* 824 F.2d at 61. Thus, even if I had the authority to do so, *but see Anderberg,* 718 F.2d at 977, there is no need to stretch the terms of Congress' waiver of sovereign immunity in order to protect this plaintiff's rights or further the objectives of FOIA.

\*     \*     \*     \*     \*     \*

For the reasons set forth above, defendant's motion is granted and the complaint is dismissed.

SO ORDERED.