**Prince Albert CZETWERTYNSKI, Individually and on behalf of all heirs of Prince Stanislaw Czetwertynski, Plaintiff,**

v.

**UNITED STATES of America, Hon. Dr. Condoleezza Rice, U.S. Secretary of State, Hon. Victor Ashe, U.S. Ambassador to Poland, Defendants.**

No. 06 Civ. 4331(CM).

United States District Court,
S.D. New York.

Sept. 26, 2007.

Edward Davis Fagan, Edward D. Fagan, New York City, for Plaintiff.

Danna Drori, U.S. Attorney's Office, New York City, for Defendants.

## MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT

COLLEEN McMAHON, District Judge.

In or about 1954, the (then Communist) Republic of Poland allegedly confiscated and nationalized property in Warsaw belonging to Prince Stanislaw Czetwertynski, Pursuant to a Lease entered into between the two Governments, the United States of America took "temporary ownership" of the former Czetwertynski property for a period of 80 years (with a right to renew for an additional 20 years), for use as the United States Embassy to Poland. The Government of Poland was to tear down the existing buildings so that the United States could construct a new Embassy building. At the end of the term, ownership of the property reverts to Poland.

More than fifty years later, the Prince's heirs (all of whom are aliens living outside the United States, see Cplt. ¶ 19) have sued the United States, seeking damages for the wrongful confiscation and destruction of their family property. The complaint, filed by Prince Albert Czetwertynski, contains claims sounding in fraud, replevin and (arguably) other torts, and unjust enrichment. Plaintiff seeks relief on a variety of theories, including equitable disgorgement and imposition of a constructive trust. Plaintiff sets forth three bases for his claims: the Alien Tort Statute (ATS), 28 U.S.C. § 1350; the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–80; and the Quiet Title Act of 1972, 28 U.S.C. § 2409a. The Government argues that the complaint must be dismissed for a variety of reasons, and opposes plaintiff's proposal to amend his complaint to cure its defects.

The Government's motion to dismiss is granted; the Prince's cross-motion for leave to amend is denied.

### Standards on Motion to Dismiss

■ On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction over the action. *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir.1996). In resolving the question of jurisdiction, the court can resolve disputed issues of fact by referring to evidence outside the pleadings. The plaintiff asserting subject matter jurisdiction has the burden of proving that it exists by a preponderance of the evidence. *Luckett v. Bure,* 290 F.3d 493, 496–97 (2d Cir.2002); *Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi,* 215 F.3d 247, 253 (2d Cir.2000).

### The Doctrine of Sovereign Immunity

 The United States cannot be sued without its consent. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Congress can waive this sovereign immunity, but may only do so through unequivocal statutory language. Furthermore, it can impose conditions on any waiver. *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). If the United States has not waived its sovereign immunity, or if it has but the conditions attached to such waiver have not been met, a federal court lacks subject matter jurisdiction over an action against the Government. *Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Waivers of sovereign immunity and their conditions, whether substantive, procedural, or temporal, must be strictly applied against the claimant. *Millares Guiraldes de Tineo v. United States,* 137 F.3d 715, 719 (2d Cir.1998).

### The Court Lacks Jurisdiction Over Plaintiff's Claims Under the Federal Tort Claims Act

 The Federal Tort Claims Act contains a limited waiver of sovereign immunity with respect to certain kinds of tortious conduct. However, plaintiff's tort claims do not fall within the terms of that waiver. As a result, the court lacks jurisdiction over them.

The FTCA requires a claimant who wants to sue the United States to exhaust administrative remedies by "first present[ing] the claim to the appropriate Federal agency and his claim shall have ·been finally denied." 28 U.S.C. § 2675(a). Pursuant to 28 U.S.C. § 2401(b), a tort claim against the United States is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues," or within six months after the "notice of final denial of the claim by the agency to which it was presented." FTCA exhaustion is "jurisdictional"; it cannot be waived. *Keene Corp. v. United States,* 700 F.2d 836, 841 (2d Cir.1983).

The complaint in this case reveals that the Czetwertynski family first tried to get its confiscated property back in the mid–1950s (see Cplt. ¶ 16). Plaintiff has been aware of the facts that give rise to his claim for a half century. He offers no evidence that he or any member of his family presented a notice of claim to the Department of State within two years after whatever event occurred that allegedly represented the United States' entry into a scheme to deprive the family of its ancestral holdings (the reader is reminded that it was the Government of Poland, not the Government of the United States, that confiscated and nationalized the Czetwertynski property). Plaintiff offers evidence that he sent letters to the State Department in May of 1994, but that·letter (Drori Ex. B) does not contain the statutorily required elements of a notice of claim. Indeed, the letter asks the assistance of then-Ambassador Nicholas Rey in connection with "our claim against Polish government for the building (which used to belong to my grandmother, Roza Radziwill–Czetwertynskaya) which was destroyed by Americans to make room for your present Embassy Building." The letter does not purport to assert any claim against the United States. However, the facts alluded to in the letter are the facts on which the plaintiff relies in making his complaint against the United States here. Therefore, plaintiff knew about the issues giving rise to his claim in early 1994.

Plaintiff argues that he sent proper notification to the Department of State concerning his family's claim in a series of letters between 1997 and 2001 (Opp. Br. at 3–4). However, 1997 was more than two

years after. the accrual of the claim. It was also more than two years after the latest date on which plaintiff could be deemed to have notice of the facts underlying the claim, as evidenced by the May 4, 1994 letter. So, assuming arguendo that Plaintiff's mildly threatening August 1997 letter (Drori Ex. 3) qualifies as a notice of claim under the FTCA, it was untimely. Clearly, then, plaintiff failed to exhaust his administrative remedies in a timely manner. As a result, all tort claims asserted against the United States must be dismissed.

In addition, the letters from plaintiff that are in the record do not contain a demand for money damages in a sum certain, as required by 28 C.F.R. § 14.2(a). *Johnson v. Smithsonian Inst.,* 189 F.3d 180, 190 (2d Cir.1999) (letter sent to federal agency demanding return of property but lacking a claim for a sum certain "did not constitute the filing of a formal administrative claim for FTCA purposes"). That, too, requires me to reject plaintiff's contention that he exhausted his administrative remedies.

Because plaintiff has not exhausted his administrative remedies, this court lacks subject matter jurisdiction over all of plaintiff's claims.

Staying this action to permit exhaustion, or dismissing with leave to replead, would not save this case, because it is now too late for administrative exhaustion; the statute of limitations contained in the FTCA has long since expired.

**The United States Has Not Waived Sovereign Immunity With Respect to Claims Under the Alien Tort Statute**

■ The ATS allow for a "civil action by an alien for a tort only, committed in violation of the law of nations." The text of the statute does not include a waiver of sovereign immunity, and it is well settled that "Any party asserting jurisdiction under the Alien Tort Statute must establish, in-

dependent of that statute, that the United States has consented to suit." *Goldstar (Panama) S.A. v. United States,* 967 F.2d 965, 968 (4th Cir.1992). Plaintiff points to no law, treaty, or other document binding on the United States that contains the necessary waiver. The Federal Tort Claims Act does not contain the necessary waiver because, as discussed above, plaintiff failed to exhaust his administrative remedies under the FTCA.

■ To the extent that plaintiff's complaint can be read to allege that the United States aided and abetted wrongdoing by the Government of Poland, such a claim is not cognizable under the ATS. *In re South African Apartheid Litig.,* 346 F.Supp.2d 538, 549–51 (S.D.N.Y.2004).

**The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Quiet Title Act Claim**

■ The Quiet Title Act waives the Government's sovereign immunity to allow private parties to "adjudicate a disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a). The Quiet Title Act contains a twelve year statute of limitations, 28 U.S.C. § 2409(g), which is jurisdictional in nature. *United States v. Mottaz,* 476 U.S. 834, 843, 106 S.Ct. 2224, 90 L.Ed.2d 841 (1986). A quiet title claim accrues on the earliest date when plaintiff or his predecessor in interest knew or should have known of the claim of the United States to the land in question. The "should have known" prong of this test is governed by a test of reasonableness: when would a reasonable person have known that the United States claimed an interest in the property in question. *California v. Yuba Goldfields, Inc.,* 752 F.2d 393, 396 (9th Cir.), *cert. denied,* 474 U.S. 1005, 106 S.Ct. 526, 88 L.Ed.2d 458 (1985). The United States built a new Embassy on the site of

the Czetwertynski house almost 50 years ago. A reasonable person would have known about the Government's claimed interest in the property at that point. The Quiet Title Act does not permit recovery for claims that accrued prior to 1960; that alone requires dismissal of this claim. *Block v. North Dakota,* 461 U.S. 273, 286 n. 23, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983). So does the fact that any reasonable person would have known about the United States' adverse interest in the property from the time that the ancestral home was destroyed and the Embassy constructed—which occurred well more than 12 years ago.

■ There can be no equitable tolling of the limitations period, because the Supreme Court has ruled that equitable tolling is not available for Quiet Title Act claims. *United States v. Beggerly,* 524 U.S. 38, 48–49, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998). Even if the limitations period could be equitably tolled, the plaintiff's lawsuit would still be barred, because it was not filed until June 8, 2006—more than 12 years after plaintiff sent the May 4, 1994 letter to the American Ambassador in Warsaw.

### Any Non–Tort Claims Asserted Are Time Barred

■ If any claim that can be teased out of the Complaint sounds in something other than in tort, it had to be brought within six years of the date on which the claim first accrued. 28 U.S.C. § 2401(a) ("Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.") A cause of action accrues when a plaintiff knows or has reason to know of the injury that is the basis of the action. The Czetwertynski family knew or had reason to know that the United States had built an Embassy on what used to be its property in the mid-to-

late 1950s. The plaintiff admits as much, since his Complaint refers to efforts made by his family to recover their property between 1956–1960 (Cplt.¶ 16). Plaintiff's May 4, 1994 letter reveals that plaintiff was aware of the claims here asserted by at least that date. But this action was not commenced until June 8, 2006. Whether one measures the six year period from 1958 (as this court would, based on Drori Ex. D, which publicly lists the address of the United States Embassy in Warsaw) or from 1994 (the date of Drori Ex. B, the letter to Ambassador Rey), the lawsuit is time barred.

■ Because the time bar is jurisdictional in nature, it cannot be subject to equitable tolling. *Peck v. Central Intelligence Agency,* 787 F.Supp. 63, 66 (S.D.N.Y.1992); *Pimentel v. United States Drug Enforcement Admin.,* 99 F.Supp.2d 420, 425 (S.D.N.Y.2000). Moreover, plaintiff's claim that equitable tolling ought to apply because the United States concealed documents from his family is specious. No documents were needed for plaintiff and members of his family to become aware of the fact that the United States Embassy in Warsaw has been standing on the site formerly occupied by their home since the late 1950s. And since plaintiff inarguably knew the facts underlying his claim against the United States in May of 1994, there is no basis for equitably tolling the statute of limitations beyond that date.

### The Cross–Motion for Leave to Amend Is Denied

■ As should be apparent from the foregoing, leave to amend the complaint must be denied because any amendment is futile. The court lacks jurisdiction over any claim in tort against the United States because plaintiff failed to exhaust administrative remedies and it is now too late for him to do so. The court lacks jurisdiction

over any other claims (including a claim for breach of contract under the Little Tucker Act, 28 U.S.C. § 1346(a)(2)) because all such claims are time barred under the six year period for bringing them. The court lacks jurisdiction over any claim for declaratory judgment because the Declaratory Judgment Act does not confer jurisdiction on a federal court. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

The complaint is dismissed with prejudice and the application for leave to amend the complaint is denied as futile. The Clerk of the Court shall dismiss any other pending motions as moot and close the file.