Gloria F. ANDERBERG, as Conservatrix of the Estate of Steven B. Stichler; and Gloria F. Anderberg, individually, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 82-2014.

United States Court of Appeals, Tenth Circuit.

Oct. 14, 1983.

Charles T. Trowbridge, Denver, Colo., for plaintiffs-appellants.

Janis E. Chapman, Asst. U.S. Atty., Denver, Colo. (Robert N. Miller, U.S. Atty., Denver, Colo., was on the brief), for defendant-appellee.

Before SETH, Chief Judge, and DOYLE and MILLER,* Circuit Judges.

JACK R. MILLER, Circuit Judge.

This appeal is from an order of the district court, entered on the Government's motion for summary judgment, dismissing, for lack of jurisdiction, appellant's action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. Her administrative claim for damages was presented to the Veterans Administration in Denver, Colorado, which denied the claim by registered letter dated and mailed on October 30, 1980, and received on November 3. She sought reconsideration by a letter dated and sent by regular mail on April 30, 1981, and received in the Office of District Counsel on May 1.[1] The district court held that the request for reconsideration was not timely-filed, so that the court did not have jurisdiction. We affirm.

The Government points out that if appellant had chosen to file her claim in the district court after the initial denial she was required to do so "within six months after the date of mailing ... of notice of denial of the claim by the agency to which it was presented," citing 28 U.S.C. § 2401(b); and that 28 C.F.R. § 14.9(b) provides that a

---

* Of the United States Court of Appeals for the Federal Circuit, sitting by designation.

1. A second letter requesting reconsideration and also dated April 30, 1981, was sent by certified mail and received in the Office of District Counsel on May 4, 1981. As will appear, it is unnecessary to consider this letter for purposes of this appeal.

request for reconsideration shall be filed "prior to the expiration of the 6-month period provided in 28 U.S.C. 2401(b) ..." It is the Government's position that "filing" means *receipt* by the agency and, accordingly, appellant's request for reconsideration was not timely filed. Appellant argues that "filing" means *mailing*, so that her request was timely; further, that since the statute provides that *mailing* of notice of denial begins the six-month limitation period and since this is made applicable by 28 C.F.R. § 14.9(b) to requests for reconsideration, *mailing* of a request for reconsideration, rather than receipt by the agency, should determine the end of the six-month limitation period, so that her request was timely; otherwise, there was no full six-month period, and the Government would have its cake and eat it too. Thus, the issue is whether mailing of a request for reconsideration or receipt of the request by the agency constitutes "filing" for purposes of 28 C.F.R. § 14.9(b).

We are satisfied that the Government's position must prevail. The statute, 28 U.S.C. § 2401(b), refers to "denial of the claim by the agency to which it was *presented*." (Emphasis added.) 28 C.F.R. § 14.2(a) provides:

> For purposes of the provisions of 28 U.S.C. § 2401(b) ... a claim shall be deemed to have been *presented* when a Federal agency *receives* from a claimant ... an executed Standard Form 95 or other written notification of an incident ... accompanied by a claim for money damages in a sum certain .... [Emphasis added.]

Nowhere is there any indication that what constitutes presentment of a request for reconsideration is different from presentment of the claim itself.[2]

 Moreover, appellant's approach would tend to violate the principle that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). The limitation period in 28 U.S.C. § 2401(b) is not to be extended for equitable considerations. *Childers v. United States,* 442 F.2d 1299, 1303 (5th Cir. 1971), *cert. denied,* 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971).[3] *See also Frey v. Woodard,* 481 F.Supp. 1152, 1153 (E.D.Pa. 1979).

The order of the district court is affirmed.

---

**2.** We note that 39 C.F.R. § 912.5 provides: "For purposes of this part, a claim [against the Postal Service] shall be deemed to have been presented when the U.S. Postal Service receives from a claimant ... an executed Standard Form 95, Claim for Damage or Injury ... accompanied by a claim for money damages in a sum certain ...." It would seem desirable that 28 C.F.R. § 14.9(b) be amended to contain similar language to expressly reflect the Government's practice.

**3.** We are not unmindful of possible hardship arising from strict construction of a period of limitations, but remedial action lies with the Congress through statutory change or a private bill for relief. *Compare Steele v. United States,* 390 F.Supp. 1109, 1112 (S.D.Cal.1975).