Maria **MOYA**, as Personal Representative, for the Estate of Andelicio Moya, Plaintiff–Appellant,

v.

**UNITED STATES of America,** Department of Veteran's Affairs, Defendant–Appellee.

No. 93–2335.

United States Court of Appeals, Tenth Circuit.

Sept. 8, 1994.

William S. Ferguson, of Will Ferguson & Associates, Albuquerque, NM, for plaintiff-appellant.

John J. Kelly, U.S. Atty., and L.D. Harris, Asst. U.S. Atty., Albuquerque, NM, for defendant-appellee.

Before TACHA, BRORBY, and EBEL, Circuit Judges.

TACHA, Circuit Judge.

Plaintiff-appellant Maria Moya, as representative of the estate of Andelicio Moya, appeals from the district court's grant of summary judgment denying Ms. Moya's claim for medical malpractice and wrongful death brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 to 2680, as being filed out of time. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

On October 1, 1991, plaintiff filed an administrative claim with the Department of Veterans Affairs ("VA") alleging that several of its employees at the Veteran's Administration Medical Center in Albuquerque, New Mexico, negligently caused the death of her husband, Andelicio Moya. The VA denied her claim on June 16, 1992. Plaintiff alleges that she mailed a request for reconsideration to the VA on October 16, 1992. The VA denies ever receiving a request for reconsideration. On May 20, 1993, plaintiff filed a medical malpractice and wrongful death claim in the United States District Court for the District of New Mexico. The district court concluded that because plaintiff's request for reconsideration was not received by the VA, the agency's June 16, 1992, letter served as the agency's "final denial" and that therefore, Ms. Moya's subsequent complaint was filed outside the time limitation contained in 28 U.S.C. § 2401(b). Ms. Moya appeals the district court's grant of summary judgment in favor of defendant arguing that the district court erroneously determined that no issue of material fact remained as to whether plaintiff's request for reconsideration was received by the VA.

## II. DISCUSSION

### A. Standard of Review

We review the grant of summary judgment de novo, using the same standard applied by the district court. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Applied Genetics,* 912 F.2d at 1241. While the party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact, the moving party need not negate the nonmovant's claim, but need only point out to the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). If the moving party carries this initial burden, the party opposing the motion for summary judgment "may not rest upon mere allegations or denials of his pleading," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986), but "must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics,* 912 F.2d at 1241; *see also Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. An issue of material fact is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to defeat a properly supported motion for summary judgment. *Id.* at 252, 106 S.Ct. at 2512.

The FTCA requires as a prerequisite to suit that the "claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). Section 2401(b) provides that "[a] tort claim against the United States shall be forever barred unless it is ... begun within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented." Within six months following notice of a "final denial," a claimant may either file suit in district court, 28 U.S.C. § 2401(b), or file a request for reconsidera-

tion with the agency, 28 C.F.R. § 14.9(b). If unsatisfied with the resolution of the request for reconsideration, a claimant has six months from the date of filing the request to bring suit in district court. 28 C.F.R. § 14.-9(b).

Plaintiff received notice of the "final denial" of her claim on June 16, 1992. She filed suit in district court on May 20, 1993, more than eleven months later. It is clear that plaintiff's complaint was not filed within six months of the denial of her original administrative claim. 28 U.S.C. § 2401(b). The timeliness of plaintiff's complaint hinges upon whether the defendant received her October 16, 1992, request for reconsideration thereby giving plaintiff six months from the date of that request in which to file suit. 28 U.S.C. § 2401(b). Plaintiff supports her claim that she filed an appropriate request for reconsideration with an affidavit from her attorney stating that the request was sent via certified mail.[1] Plaintiff does not produce a certificate of mailing, a return receipt, a certified mail number or any acknowledgment by the defendant of having received the request. Defendant denies ever receiving a request for reconsideration from plaintiff. In support, defendant presents affidavits stating that the VA searched its files in Washington and New Mexico and found no record of the plaintiff's request. There is no independent evidence in the record indicating that plaintiff's request was ever sent, let alone received by defendant.

Based on this evidence, the district court determined that the affidavit by plaintiff's counsel created a question of fact as to whether the request for reconsideration was mailed, but that this was not a material fact. Relying on *Anderberg v. United States,* 718 F.2d 976 (10th Cir.1983), *cert. denied,* 466 U.S. 939, 104 S.Ct. 1916, 80 L.Ed.2d 463 (1984), the district court found that the material question was whether the VA *received* the request. Reasoning that no reasonable person could conclude that the VA received the request, the court determined that plain-

---

1. Plaintiff also submits a copy of the letter generated from her attorney's computer and an affidavit from a legal assistant in the attorney's office stating that the letter was generated on October

16, 1992. While this evidence supports plaintiff's assertion that a letter was created it does not provide any evidence that it was mailed or actually received.

tiff's complaint was filed out of time and granted summary judgment in favor of defendant.

Plaintiff asserts that the district court's reliance on *Anderberg* is misplaced. In *Anderberg* this court considered whether a request for reconsideration which was mailed prior to the expiration of the six month limitation period but received by the agency one day after the period expired was timely. *Anderberg*, 718 F.2d at 976. We determined that it was the date that the agency received the request that was critical to the determination of timeliness and that the act of mailing the notice did not constitute "presentment" to the agency. *Id.* Plaintiff argues that in this case she mailed the request two months prior to the expiration of the six month period and that the request should be presumed to have been received. Therefore, plaintiff argues, *Anderberg* does not control this situation.

■ Under the FTCA, "a claim shall be deemed to have been presented when a Federal agency *receives* from a claimant [her administrative notice of claim.]" 28 C.F.R. § 14.2(a) (emphasis added); *Anderberg*, 718 F.2d at 977; *Bailey v. United States*, 642 F.2d 344, 346 (9th Cir.1981). "Nowhere is there any indication that what constitutes presentment of a request for reconsideration is different from presentment of the claim itself." *Anderberg*, 718 F.2d at 977. Thus a request for reconsideration is not presented to an agency until it is received by the agency. *See id.* Mailing of a request for reconsideration is insufficient to satisfy the presentment requirement. *See id.*

■ It is the plaintiff's burden to establish the proper agency's receipt of the request for reconsideration. *See Bailey*, 642 F.2d at 346 (plaintiff has the burden of establishing presentment); *Dark v. United States*, No. CIV.A. 91–1438, 1991 WL 147544, *3 (E.D.Pa. July 26, 1991) (plaintiff's burden to show post office received claim), *aff'd*, 961 F.2d 1566 (3rd Cir.1992); *Anderson v. United States*, 744 F.Supp. 641, 643, 644 & n. 5 (E.D.Pa.1990) (government's motion to dismiss granted where plaintiff had no receipt to prove FTCA claim was timely presented to appropriate agency). However, plaintiff

argues that the affidavit by her counsel stating that the request for reconsideration was mailed establishes a presumption of receipt by the addressee. Although plaintiff claims the request for reconsideration was sent to defendant by certified mail, plaintiff has no record of a return receipt ever being received. While the law presumes delivery of a properly addressed piece of mail, *McPartlin v. Commissioner*, 653 F.2d 1185, 1191 (7th Cir.1981), no such presumption exists for certified mail where the return receipt is not received by the sender, *Mulder v. Commissioner*, 855 F.2d 208, 212 (5th Cir.1988); *McPartlin*, 653 F.2d at 1191. The reason is that the sender of a certified letter who does not receive the return receipt is on notice that the addressee may not have received the letter. *See McPartlin*, 653 F.2d at 1191. It is then incumbent upon the sender either to inquire with the addressee or send the letter again. In this case, plaintiff did neither. Plaintiff had strong reason to believe the VA had not received her letter, yet she did nothing. Under these circumstances, any presumption that defendant received the letter does not apply.

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. In order to present a genuine issue for trial, the record must raise more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Plaintiff's counsel's affidavit that she mailed the letter certified mail does not—in light of the lack of evidence usually associated with certified mail—establish the presumption of receipt of the letter by defendant. Viewing the evidence in the light most favorable to plaintiff, a reasonable fact finder could not conclude that defendant received plaintiff's request for reconsideration. Therefore, the June 16, 1992, notice of denial by the defendant constituted a "final denial" under § 2401(b). Plaintiff's May 20, 1993,

complaint was filed well beyond the six month limitation provided in § 2401(b).

### III. CONCLUSION

Because we find no genuine issue of material fact as to whether plaintiff's complaint was filed out of time, we affirm the district court's order granting summary judgment in favor of defendant.