45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 J. Raymond KRUSE, Plaintiff-Appellant,
v.
BURLINGTON NORTHERN RAILROAD COMPANY, a corporation,
Defendant-Appellee.
 No. 94-8018.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1994.
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff J. Raymond Kruse appeals from the grant of summary judgment in favor of defendant Burlington Northern Railroad Company (the BN) in this negligence suit filed pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. 51-60. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 4
 Plaintiff, a BN employee, was injured in two on-the-job accidents. On March 4, 1992, he fell off a ladder that pivoted while he was sighting signal lights; on November 25, 1992, he hurt himself when he hit some frozen ballast while shoveling ballast from around rails in Wyoming. He alleged that the BN was negligent in not providing training or assistance in using the ladder and in not providing appropriate equipment to move ballast. After a hearing, the district court granted summary judgment in favor of the BN, holding that there was no evidence of any negligence on the part of the BN to support plaintiff's claim. We review the grant of summary judgment de novo, using the same standard as that applied by the district court. Moya v. United States, 35 F.3d 501, 502 (10th Cir.1994). We may not affirm if there is even slight evidence that the BN was negligent. See Missouri-Kan.-Tex. Ry. v. Hearson, 422 F.2d 1037, 1040 (10th Cir.1970)(holding even slight evidence of FELA defendant's negligence creates jury issue).
 
 
 5
 Plaintiff's deposition is the only evidence he submitted. He argues generally that there is ample evidence from which a jury could properly infer that the BN was negligent as to both accidents, but he does not point to any specific evidence. We have reviewed plaintiff's deposition carefully in light of applicable law and the record on appeal and hold that there is no evidence that the BN was negligent with respect to either accident.
 
 
 6
 First, plaintiff does not indicate how the BN's alleged failure to train him in using ladders contributed to his March 1992 fall. He admitted that he was required to follow the BN's safety rules and had been examined on them. Appellant's App., doc. 14 at 186, 218; cf. Fulton v. St. Louis-S.F. Ry., 675 F.2d 1130, 1133 (10th Cir.1982)(rules are "evidence of the measure of caution which ought to be exercised in situations to which the rules apply"). These rules instructed employees to set ladders with secure footing, never on soft or slippery ground; to tie off the safety strap when necessary; and to direct another employee to hold the ladder when the footing was unstable and the ladder could not be tied off. Appellant's App., doc. 7, attachment at p 417(e), (g), (h). Plaintiff admitted he was placing the ladder on unstable ground, id., doc. 14 at 70-71, and that he neither tied the ladder off, id. at 68, nor asked for help holding the ladder, id. at 73, even though other BN employees were in the vicinity, id. at 33. Although the BN has a duty to make and enforce safety rules, see Ackley v. Chicago & N.W. Transp. Co., 820 F.2d 263, 268 (8th Cir.1987), on these facts, plaintiff's failure to follow the BN's safety rules was the sole cause of his ladder accident and his FELA claim is barred, cf. Henwood v. Coburn, 165 F.2d 418, 423 (8th Cir.1948)(holding that employee's FELA suit is barred only when his violation of safety rule is sole cause of his accident).
 
 
 7
 With respect to his November 1992 accident, plaintiff admitted that a shovel was an appropriate tool for trenching around rails, Appellant's App., doc. 14 at 118-19, and that he knew he was likely to encounter frozen ballast in Wyoming in November, id. at 114. Further, although he stated that a backhoe might have been used instead of a shovel, id. at 119, he admitted that arranging to use a backhoe on this occasion would not have been feasible, id., without saying anything more that would suggest that the BN was negligent in not providing one.
 
 
 8
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470