Lorna L. McCARTER, Plaintiff,

v.

Togo D. WEST, Jr., Secretary
of the Army, Defendant.

Civil Action No. 94–2383–GTV.

United States District Court,
D. Kansas.

Dec. 4, 1995.

in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and on the basis of her disability in violation of the Rehabilitation Act, 29 U.S.C. § 791, *et seq.* In her position as Equal Employment Opportunity ("EEO") manager at Fort Leavenworth, Kansas, plaintiff alleges that her supervisors treated her differently from fellow male employees and that her sex was the motivating factor for the unequal treatment.

Plaintiff also claims that her supervisors knew that she suffered from multiple sclerosis, fibromyalgia, and chronic lower back pain. She contends that despite this knowledge, her supervisors did not provide her with the support and assistance necessary to perform her duties as EEO manager. Plaintiff claims that this violates the Rehabilitation Act.

Defendant contends that he is entitled to summary judgment on plaintiff's Title VII claim because the plaintiff has failed to establish a *prima facie* case of sex discrimination. Defendant also maintains that plaintiff's supervisors had legitimate, nondiscriminatory reasons for their employment decisions regarding the plaintiff and that her sex was not a factor in those decisions.

With respect to plaintiff's disability discrimination claim, defendant asserts that plaintiff has not established her *prima facie* case because she is not a "qualified individual with a disability," as that term is defined under the Rehabilitation Act. Defendant also argues that plaintiff's disabilities were not a factor in its employment decisions.

Jeffrey L. Baxter, Chapman, Waters & Baxter, Leavenworth, KS, for plaintiff.

Janice M. Karlin, Office of United States Attorney, Kansas City, KS, for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This matter is before the court on defendant's motion (Doc. 44) for summary judgment under Fed.R.Civ.P. 56(b). Plaintiff has responded (Doc. 46) and opposes the motion. For the reasons set forth below, defendant's motion is granted.

### I. Background

In this employment discrimination action, plaintiff claims that she was discriminated against in the terms, conditions, and privileges of employment on the basis of her sex

### II. Facts

The following facts are either uncontroverted or, if controverted, construed in the light most favorable to the plaintiff. *Applied Genetics Int'l Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). Immaterial facts and factual averments not properly supported by the record are omitted.

Plaintiff has been employed for several years as a civil service employee of the federal government. During the time pertinent to this action, she was the manager of the

Equal Employment Opportunity office at Fort Leavenworth, Kansas. Defendant is the Secretary of the Army. As such, he is the proper defendant in this case. *See Miles v. Department of the Army*, 881 F.2d 777, 780 (9th Cir.1988).

Beginning in May 1993, and continuing during all times pertinent to this discussion, Colonel William Hart was the Garrison Commander at Fort Leavenworth. The EEO office was assigned to the Garrison Command and Col. Hart acted as plaintiff's supervisor. Col. Hart's Executive Assistant, Jack Walker, also had supervisory responsibilities for the plaintiff. In April 1994, the Army transferred supervision of the EEO office to the Chief of Staff's office at Fort Leavenworth. Colonel Daniel Zanini, the Chief of Staff, became plaintiff's supervisor. Plaintiff claims that defendant's agents, Col. Hart, Mr. Walker and Col. Zanini, discriminated against her on the basis of sex and disability.

One of plaintiff's primary responsibilities as manager of the EEO office was to bring the office into compliance with federal regulations. Plaintiff and her supervisors understood that this would require a substantial amount of work. At the time plaintiff became EEO manager, the office had two employees, including the manager. Plaintiff complained to her supervisors that she needed additional employees to handle the workload.

Between 1993 and 1995, most of Fort Leavenworth's operations were downsized because of budget and personnel cuts. Several departments at Fort Leavenworth lost personnel. Despite personnel cuts in other departments, three additional employees were added to the EEO office. Even with the additional staffing, plaintiff continued to complain that her office could not handle the workload. As a result, plaintiff had to work overtime hours to complete the work that her staff could not finish.

During the relevant time period, several civilian managers at Fort Leavenworth worked overtime hours. Although they personally may have maintained compensatory time records, they neither submitted their overtime hours for documentation, nor requested official compensatory time. Plaintiff, however, submitted a claim to Col. Hart seeking reimbursement for 296 hours of overtime worked between late May 1993 and early September 1993. She requested use of the overtime hours in lieu of sick time or annual leave. Col. Hart had not authorized the overtime hours that plaintiff claimed.

Col. Hart denied plaintiff's overtime compensation claim because she did not comply with the overtime request policy.[1] Civilian managers at Fort Leavenworth were allowed to work overtime, but they would not receive "official" compensatory time unless the Garrison Commander ordered and approved the overtime hours in advance. Plaintiff did not follow this policy in that Col. Hart did not order or pre-approve her overtime hours. In addition to denying her overtime compensation claim, Col. Hart instructed plaintiff not to work overtime hours. He based this decision on the large number of hours that plaintiff had submitted for reimbursement and the advice of plaintiff's psychologist who recommended that plaintiff not become overly stressed. In 1994, Col. Zanini, plaintiff's new supervisor, also attempted to schedule her work so that it would not require overtime hours.

Between 1993 and 1995, there were several incidents that occurred between the plaintiff and her supervisors that led her to conclude that they were attempting to humiliate or embarrass her based on her sex. The facts surrounding those incidents are disputed and will be set forth more fully below.

Prior to becoming EEO manager, plaintiff had a history of psychiatric and medical treatments for mental conditions, including work-related stress. She was treated for these conditions in 1975, 1977, 1981, 1984, 1988 and 1990. In 1980, plaintiff complained to her physician of multiple neurological problems. Her physician made no definitive diagnosis, but plaintiff believed that her neurogenic bladder and bowel problems were the result of multiple sclerosis. A subsequent

---

1. Upon further evaluation, defendant did approve 23 hours of plaintiff's request for compensatory time to cover her participation in Diversity Training.

medical report in 1984 and a Veterans Affairs Rating Decision in 1994 concluded that plaintiff did not suffer from multiple sclerosis. According to the medical evidence, plaintiff has fibromyalgia and chronic lower back pain.

Because of her disabilities, plaintiff asserts that she cannot dance, run, or take long walks. It also is difficult for plaintiff to vacuum her home, clean her bathroom, and wash the walls. Although plaintiff's disabilities affected her domestic and leisure activities, she never used her disabilities as an excuse for being unable to perform her job. In fact, Col. Hart, Mr. Walker and Col. Zanini thought plaintiff was capable of functioning as the EEO manager.

### III. Legal Standard

■ Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must examine the factual record and reasonable inferences therefrom in a light most favorable to the party who opposes summary judgment. *Applied Genetics Int'l Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990).

■ The defendant, as the moving party, has the initial burden to show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party meets this burden, the burden shifts to the plaintiff to identify specific facts that show the existence of a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

■ Summary judgment is normally inappropriate where an individual's state of mind and intent are implicated. Nonetheless, summary judgment is applicable in Title VII cases when the appropriate standards are met. *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985). Summary judgment also is appropriate if the plaintiff fails to offer evidence of motive and intent in support of her discrimination claim. *Munson v. Friske*, 754 F.2d 683, 690 (7th Cir. 1985).

### IV. Analysis

Plaintiff advances two theories to support recovery. She claims she was discriminated against on the basis of her sex in violation of Title VII and on the basis of a claimed disability in violation of the Rehabilitation Act. The court will address each of plaintiff's theories in turn.

#### A. Plaintiff's Title VII Claim

■ Plaintiff claims disparate treatment under Title VII, 42 U.S.C. § 2000e–2(a)(1). Title VII prohibits an employer from discriminating against an employee in the "terms, conditions, or privileges of employment, because of such individual's ... sex...." 42 U.S.C. § 2000e–2(a)(1). The plaintiff must demonstrate that her sex was the motivation for her supervisors' employment decisions. *See E.E.O.C. v. Flasher Co., Inc.*, 986 F.2d 1312, 1319 (10th Cir.1992) (essence of a disparate treatment claim is intentional discrimination based upon a protected classification); *Clark v. Atchison, Topeka & Santa Fe Ry. Co.*, 731 F.2d 698, 702 (10th Cir.1984) (the defendant is not required to treat all employees equally, but is prohibited from dispensing unequal treatment based on the sex of an employee). Plaintiff need not prove that her supervisors' employment actions were solely motivated by her sex, but she must show that her sex was the factor that made a difference. *See Elmore v. Capstan, Inc.*, 58 F.3d 525, 530 (10th Cir.1995). That is, plaintiff's supervisors would not have denied her the terms and conditions of her employment but for her sex. *Id.*

■ Proof of a discriminatory motive is crucial to this determination. *See Sorensen*

*v. City of Aurora,* 984 F.2d 349, 351 (10th Cir.1993) (plaintiff must prove that the defendant had a discriminatory motive or intent by a preponderance of the evidence). Absent direct evidence, plaintiff may use an indirect method to prove discrimination. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). In this case, the critical element in plaintiff's *prima facie* case is whether the defendant's agents treated her differently than male employees under comparable circumstances. *See Ortega v. Safeway Stores, Inc.,* 943 F.2d 1230, 1236 (10th Cir.1991); *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir.1991).

▇▇▇ The initial burden of proving her *prima facie* case of discrimination rests with the plaintiff. *Id.* The burden then shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for [his conduct]." *Id.* If the defendant carries this burden, it shifts back to the plaintiff to prove that the reasons proffered "by the defendant were not [its] true reasons, but were pretexts for discrimination." *Id.* Despite the framework of shifting burdens, the ultimate burden of persuasion resides at all times with the plaintiff. *Id.*

▇▇▇ Plaintiff's allegations of discriminatory conduct stem from Col. Hart's, Mr. Walker's, and Col. Zanini's failure to provide the personnel she needed to do her job as EEO manager; to compensate her for the overtime hours she worked; and to treat her professionally in the presence of other employees. To establish her *prima facie* case, plaintiff must show: (1) that she is a member of a protected class of persons; (2) that she was entitled to the desired terms and conditions of employment; (3) that the employer denied plaintiff the desired terms and conditions of employment; and (4) that similarly situated males were granted the desired terms, conditions, and privileges of employment. *Moore v. Norfolk & W.R. Co.,* 731 F.Supp. 1015, 1019 (D.Kan.1990); *Boyd v.*

*Telecable of Overland Park, Inc.,* 752 F.Supp. 388 (D.Kan.1990). To survive defendant's motion for summary judgment, plaintiff must establish each element of her *prima facie* case.

**1. Staffing of Plaintiff's EEO Office**

▇▇▇ Plaintiff claims that adequate staffing of the EEO office is a term or condition of her employment as EEO manager. She contends that her supervisors did not staff the EEO office at the Army recommended strength level. In comparison, plaintiff maintains that the offices of similarly situated male managers were staffed at levels closer to the Army's recommendation.

Plaintiff offers statistical evidence to prove that her supervisors discriminated against her on the basis of sex. *See, e.g., Drake,* 927 F.2d at 1160 (plaintiff can make an "indirect showing of pretext with statistical evidence"); *McAlester v. United Air Lines, Inc.,* 851 F.2d 1249, 1260 (10th Cir.1988) (noting that statistical evidence may be relevant in a disparate treatment case). She asserts that her EEO office was staffed at 58.3% of the appropriate Army staff level, while the Civilian Personnel Office was staffed at 73.8% and the Public Affairs Office at 83.3% of the recommended levels. Plaintiff asks the court to infer that the disparity in staffing of the offices was based on the sex of the office's manager.

The court is not persuaded by plaintiff's statistical evidence. Half of the statistical evidence that plaintiff offers to prove disparate treatment involves a similarly situated protected employee, in that a female manages the Civilian Personnel office. Thus, plaintiff's evidence fails to establish that only comparable male managers received favorable treatment.

The court concludes that plaintiff's statistical evidence is "plagued by incompleteness or unsupported by the record submitted to the court." [2] *See Torre v. Federated Mutual Ins. Co.,* 862 F.Supp. 299, 302 (D.Kan.1994) ("ill-defined, piecemeal, and unprobative" statistical evidence is insufficient to avoid summary

---

**2.** Plaintiff's only support for her offer of statistical evidence is found in her Response to Request for Admissions ¶ 11. She makes no offer of how this evidence is based on personal knowledge or her competency to testify on these matters.

judgment). Additionally, there is no basis in the record to support plaintiff's assertion that her EEO office was entitled to additional staffing. What the record does reflect is that plaintiff's office received additional staffing while other departments headed by similarly situated non-protected employees were subject to personnel cutbacks because of budgetary constraints. The court finds that summary judgment is appropriate on this ground because plaintiff has failed to establish her *prima facie* case.

### 2. Denial of Overtime Compensation

█ Plaintiff's next allegation of discriminatory conduct involves the denial of her claim of 296 hours of overtime compensation. She contends that Col. Hart expected her to work overtime hours, but would not approve compensation to cover those hours. Defendant responds that plaintiff was not entitled to compensation for her overtime hours because she failed to obtain the necessary authorization to work those hours. Plaintiff argues that comparable male employees were not required to obtain pre-approval for overtime hours and were receiving compensatory time off for overtime worked. This assertion is not supported in the record.

Plaintiff's own deposition testimony is that, other than herself, she cannot name one manager who requested to be compensated, or was compensated, for overtime hours. Plaintiff maintains that some managers at Fort Leavenworth did work overtime without seeking official compensatory time off. She admits that these managers could personally keep track of the overtime worked and informally take time off. Defendant does not dispute this fact.

The crux of this issue, however, is whether plaintiff is entitled to "official" overtime compensation if she failed to obtain prior authorization. The uncontroverted facts demonstrate that plaintiff had to obtain prior authorization from her supervisors in order to be compensated for overtime hours and that she failed to do so. Summary judgment is appropriate on the issue of overtime compensation because plaintiff has failed to establish that she is entitled to overtime compensation or that other similarly situated male employees received "official" overtime compensation.

### 3. Plaintiff was treated differently than male employees

█ Finally, plaintiff claims that her supervisor's treated her in a discriminatory manner by reprimanding and ridiculing her in front of other employees and subordinates. She also claims that Col. Hart treated another female manager with more respect. Plaintiff argues that these actions violated the terms and conditions of her employment because they caused her to be less effective as the EEO manager.

In support of her contentions, plaintiff offers three incidents in which she claims she was reprimanded and ridiculed. Plaintiff claims that she was reprimanded after being unprepared for a presentation at a staff meeting. She alleges that Col. Hart, in front of other staff members, shook his finger in her face and told her to focus. Plaintiff further asserts that she was ridiculed when Col. Hart, in an informal meeting with other managers, asked for group comment on one of plaintiff's written proposals. Plaintiff was embarrassed when she received negative feedback on her idea from the meeting's participants. On another occasion, plaintiff was a member of a committee that was having internal problems and Col. Zanini attended a meeting of the committee in an attempt to resolve the conflict. During this meeting, Col. Zanini discovered that the committee members were upset with plaintiff because she had redrafted a committee report without the committee's approval. Plaintiff claims that Col. Zanini's involvement at the committee meeting embarrassed her.

On this issue, the court concludes that plaintiff has failed to establish the fourth element of her *prima facie* case. What is missing from plaintiff's allegations is proof that Col. Hart or Col. Zanini treated her differently than other male managers in department head meetings or in committee assignments. In fact, plaintiff admits that Col. Hart treated one female department manager more favorably than herself. The court finds this fact inapposite of plaintiff's discrimination argument.

■ The court concludes that Col. Hart and Col. Zanini's employment actions involving plaintiff were not discriminatory. Title VII only prohibits intentional discrimination based on an employee's protected class characteristics and does not protect the plaintiff from being reprimanded in the presence of co-workers if her supervisors believe that she is not performing her job. *Gross v. Burggraf Construction Co.*, 53 F.3d 1531, 1545–46 (10th Cir.1995). The court finds that plaintiff's proof of alleged discrimination on this ground is insufficient to establish that defendant intentionally discriminated against her on the basis of sex.

■ The court also concludes that summary judgment would be appropriate even if plaintiff had established her *prima facie* case on one of the aforementioned grounds. Defendant is entitled to summary judgment if no facts relating to the pretext of the defendant's actions remain in dispute. *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 529 (10th Cir.1994).

The defendant has articulated legitimate, non-discriminatory reasons for his agents' actions in failing to provide plaintiff with additional employees in the EEO office and denying her claim for overtime compensation. During the time pertinent to this action, plaintiff's supervisors were faced with severe budget cutbacks and personnel reductions at Fort Leavenworth. In light of those factors, it was impossible for the defendant to add more staff to the EEO office or to order and approve "official" overtime hours. Additionally, plaintiff has offered no evidence to rebut defendant's proffered reasons for his agents' actions. The court finds that plaintiff's personal belief that defendant discriminated against her because of her sex is insufficient to establish a pretext of discrimination and to defeat defendant's motion for summary judgment. *See Branson v. Price River Coal Co.*, 853 F.2d 768, 772 (10th Cir.1988); *Sharon v. Yellow Freight System, Inc.*, 872 F.Supp. 839 (D.Kan.1994).

Plaintiff is unable to satisfy her ultimate burden. She has failed to establish a *prima facie* case of sex discrimination and she has not shown that defendant's proffered reasons for his agent's employment decisions were pretext for discrimination. The court concludes that the defendant is entitled to summary judgment on plaintiff's claim of intentional discrimination based on her sex.

### B. Plaintiff's Rehabilitation Act Claim

■ Plaintiff also seeks recovery under § 501 of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 791. The Rehabilitation Act protects federal employees from discrimination on the basis of a handicap with regard to the terms, conditions, and privileges of employment. *Johnson v. United States Postal Serv.*, 861 F.2d 1475, 1477–78 (10th Cir.1988). To succeed on her claim, plaintiff must prove (1) that she is "disabled" within the meaning of the statute; (2) that she is "otherwise qualified," that is, she can perform the essential functions of the job with or without accommodation; (3) that the defendant's personnel action was taken because of her disability; and (4) that the activity or program receives federal funding. 29 U.S.C. § 794; *White v. York Int'l Corp.*, 45 F.3d 357, 360–61 (10th Cir.1995) (this section incorporates the standards enacted in Title I of the American with Disabilities Act of 1990, 42 U.S.C. § 12111 *et. seq.* pursuant to 29 U.S.C. § 791(g)). Elements two and four are not in issue in this case.

■ Plaintiff claims that her disabilities are multiple sclerosis, fibromyalgia, and chronic lower back pain. She contends that she is disabled but qualified to perform the essential functions of her job with reasonable accommodation. Defendant responds that plaintiff is not disabled within the meaning of the statute. Defendant further maintains that even if plaintiff is disabled, she was not treated differently or discriminated against on the basis of her disability with respect to the terms and conditions of her employment.

■ Whether plaintiff is a "disabled" person, as defined under the Rehabilitation Act, is an issue that requires an individualized determination. *Pahulu v. University of Kansas*, 897 F.Supp. 1387, 1390 (D.Kan. 1995). The Rehabilitation Act defines an "individual with a disability," as "any person who (i) has a physical or mental impairment which substantially limits one or more of

such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." 29 U.S.C. § 706(8)(B). The Tenth Circuit has construed this statute to require two elements: (1) "that the [plaintiff] has, has a record of having, or is regarded as having a physical or mental impairment; and (2) that her impairment "substantially limits one or more major life activities." *Welsh v. City of Tulsa, Oklahoma*, 977 F.2d 1415, 1417 (10th Cir.1992).

In this case, it is unnecessary for the court to decide whether plaintiff has a qualifying physical impairment. Assuming that the plaintiff could document the existence of a physical impairment, the court finds that she has not established that her alleged impairments substantially limits one or more of her major life activities.

"Major life activities" means "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 45 C.F.R. § 84.3(j)(2)(ii). "Substantially limits" means "either the inability to perform a major life activity, or a severe restriction on the ability to perform a major life activity as compared to the general population." *Dutton v. Johnson County Bd. of County Com'rs*, 859 F.Supp. 498, 505 (1994) (citing 29 C.F.R. § 1630.2(j)(1)).

With respect to her employment, plaintiff admits that she can perform this major life activity. Her only work-related limitation is a need for advance notice before she is required to make a presentation at staff meetings. The court finds that this is not a significant limitation on plaintiff's ability to work.

The court concludes that plaintiff fails to satisfy the threshold requirement that she is disabled as defined under the Rehabilitation Act and the Code of Federal Regulations. The court finds that by plaintiff's own admission she is able to perform her employment duties. As to plaintiff's claim of other limitations, the court finds that they do not constitute a substantial limitation of her major life activities such that they impact on her employment. Defendant is entitled to summary judgment on this ground.

Finally, even if plaintiff were disabled, as defined under the Act, the court concludes that defendant's agents did not discriminate against her on the basis of her disability. Plaintiff has failed to demonstrate that she was entitled to the terms and conditions of employment that she sought. Additionally, she has offered no evidence to show that her supervisors based their employment actions on her alleged disabilities. The court finds that plaintiff has failed to establish her *prima facie* case of discrimination on the basis of a disability. Defendant is entitled to summary judgment on this ground.

For the reasons stated above, the court finds that there are no genuine issues of material fact that preclude a finding in favor of the defendant. Plaintiff has not established her *prima facie* case of discrimination on the basis of her sex or of her disability.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for summary judgment (Doc. 44) is granted.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**