**UNITED STATES COURT OF APPEALS**
**Filed 12/24/96**
**TENTH CIRCUIT**

FAROUK MEHIO,

     Plaintiff-Appellant,

v.

EDWARD O. OGILVIE, Assistant
Attorney General of Utah; JUDGE
KENNETH RIGTRUP,

     Defendants-Appellees.

Case No. 96-4043

(D.C. 94-CV-619)
(District of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Farouk Mehio, proceeding pro se, appeals the district court's order granting summary judgment in favor of the defendant-appellee Edward O. Ogilvie, an Assistant Attorney General for the State of Utah. In his complaint, Mr. Mehio alleged that Mr. Ogilvie and Kenneth Rigtrup, a state court judge, violated his civil rights. Mr. Mehio's principal allegation against Mr. Ogilvie was that Mr. Ogilvie threatened him with criminal prosecution if he did not agree to dismiss a state court case in which he had claimed that a state police officer used excessive force in arresting him. The district court dismissed the claims againt Judge Rigtrup, and those claims are not before us in this appeal.

Mr. Ogilvie moved for summary judgment on the grounds that there was no evidence to support Mr. Mehio's allegations that Mr. Ogilvie had threatened him. Mr. Ogilvie relied on his own affidavit and on Mr. Mehio's admissions that Mr. Mehio never verbally threatened him and that the allegation of written threats was based on a February 3, 1988 letter from Mr. Ogilvie to Mr. Mehio's attorney in the state wrongful arrest case. See Rec doc. 43, Exs. A-C. Mr. Ogilvie submitted a copy of the February 3, 1988 letter and noted that he had merely summarized his concern about Mr. Mehio's excessive force claim and about Mr. Mehio's reported harassment of a material witness. See id., Ex. A, attachment 5. In granting summary judgment against Mr. Mehio and in favor of Mr. Ogilvie, the district

court noted that "there is no viable evidence to support [Mr. Mehio's] claims." Rec doc. 46, at 4.

We review the grant of summary judgment de novo, applying the same standard as the district court. Moya v. United States, 35 F.3d 501, 502 (10th Cir. 1994). Summary judgment is warranted if there is no dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Moya, 35 F.3d at 501-02. We view the record in the light most favorable to the party opposing summary judgment. Moya, 35 F.3d at 503. However, if the movant establishes that there is an absence of evidence to support the opposing party's claim, the opposing party "may not rest upon mere allegations or denials of his pleading." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(quoting First Nat'l Bank of Az. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Instead, the party opposing the summary judgment motion "must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Applied Genetics, Int'l, Inc. v.. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).

Upon review of the record, we conclude that the district court properly granted summary judgment against Mr. Mehio and in favor of Mr. Ogilvie. Mr. Mehio has failed to identify evidence in the record to support his allegations that Mr. Ogilvie violated his civil rights.

Accordingly, the district court's grant of summary judgment is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge