**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PHILLIP R. ADAIR,

        Plaintiff-Appellant,

v.

JESSE BROWN, Secretary of the
Veterans Administration, United
States Department of Veterans Affairs,

        Defendant-Appellee.

No. 96-7128
(D.C. No. 95-CV-379)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

Plaintiff appeals the district court's entry of summary judgment in favor of the Veterans Administration (VA) on plaintiff's claim that its failure to hire him was the result of handicap discrimination, in violation of section 501 of the Rehabilitation Act, 29 U.S.C. § 791. The district court determined that plaintiff failed to exhaust his administrative remedies before filing suit because he did not file his administrative complaint in a timely manner and no equitable grounds existed to extend the filing time. In the alternative, the district court determined that, even if plaintiff's administrative complaint were timely filed, plaintiff failed to establish either a prima facie case of handicap discrimination or to show that defendant's reasons for not hiring plaintiff were pretextual. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Background

In November 1992, plaintiff, who walks with a cane, applied for the position of Chief of Prosthetics and Sensory Aids at the Veterans Administration Medical Center (VAMC) in Muskogee, Oklahoma. Plaintiff sent his application to the central VA office in Washington, D.C. On January 19, 1993, the central VA office issued a certificate to the Muskogee VAMC containing the names of three candidates who, based on their applications, were qualified for the position. Plaintiff was one of the candidates listed on the certificate.

Meanwhile, in late December 1992, it came to the attention of Mr. Baxter, the Director of the Muskogee VAMC, that another person, Barbara Corbin, was also available for the position. Ms. Corbin, who is a black, paraplegic, veteran of the U.S. Armed Forces, was completing a VA Prosthetics Intern Program, which was designed to train people for the position at issue, at the VAMC in Decatur, Georgia. The Director of the Prosthetics and Sensory Aids Service at the central VA referred Ms. Corbin's application directly to Mr. Baxter. After speaking with the director of the Decatur VAMC, who recommended Ms. Corbin highly, Mr. Baxter decided to hire Ms. Corbin, in early January 1993. As a result, the Muskogee VAMC never considered any of the candidates, including plaintiff, who had been referred for consideration on the January 19 certificate.

In March 1994, plaintiff consulted an EEO Counselor with the Muskogee VAMC because he thought he had been discriminated against on the basis of his handicap. The EEO Counselor conducted a final interview with plaintiff on April 21, 1994, by telephone. In that conversation, the EEO Counselor advised plaintiff that he had fifteen days to file a formal administrative complaint if he wanted to pursue his claim further. Although the EEO Counselor averred in an affidavit that he also sent plaintiff written notice on April 21 of his right to file an administrative complaint within fifteen days, plaintiff, in turn, averred that he never received any written notice. Plaintiff did not file an administrative

complaint with the VA until February 9, 1995. The VA took final action on the complaint in September 1995, after plaintiff had filed the present lawsuit, by dismissing the complaint.

## Analysis

We review the grant of summary judgment de novo, applying the same legal standards as the district court, under Fed. R. Civ. P. 56(c). See Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995). We, therefore, examine the factual record, and draw all reasonable inferences therefrom, in the light most favorable to plaintiff, the nonmoving party. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).

We turn first to the timeliness of plaintiff's administrative complaint, which is a prerequisite to suit. See, e.g., Williams v. Rice, 983 F.2d 177, 180 (10th Cir. 1993); Miller v. Runyon, 77 F.3d 189, 191 (7th Cir.), cert. denied, 117 S. Ct. 316 (1996). Based on our examination of the record, we agree with the district court that, if plaintiff received sufficient notice in April 1994 to trigger the fifteen-day filing period, then his complaint was untimely, because the evidence does not support any extension of the filing time on equitable grounds. The question remains, however, whether plaintiff actually received sufficient notice to trigger the fifteen-day filing period. Under the applicable regulations, the complainant's duty to file an administrative complaint is triggered upon

receipt of written notice informing him of the right to file a discrimination complaint within fifteen days. See 29 C.F.R. §§ 1614.105(d)-(f), 1614.106(b). While plaintiff does not deny that he received *oral* notice of his obligation to file an administrative complaint, he does deny that he ever received *written* notice of this obligation. We need not decide whether oral notice is sufficient to trigger the duty to file, or whether plaintiff's averment that he did not receive written notice is sufficient to overcome the presumption of delivery of a properly addressed piece of mail, see Moya v. United States, 35 F.3d 501, 504 (10th Cir. 1994), because we agree with the district court that, even if plaintiff's administrative complaint was timely filed, plaintiff's case would fail on the merits.

To establish a claim for handicap discrimination under section 501 of the Rehabilitation Act, plaintiff must show: (1) he is "disabled" within the meaning of the Act; (2) he can perform the essential functions of the job, with or without accommodation; (3) he was not hired because of his disability; and (4) the program with which he sought a position receives federal funding. See McCarter v. West, 910 F. Supp. 519, 526 (D. Kan. 1995), adopted as opinion of Tenth Circuit, 105 F.3d 1335 (10th Cir. 1997). Even if we assume plaintiff is disabled and can perform the essential functions of the position at issue, there is no evidence suggesting that he was not hired for the position "solely by reason of his

handicap," <u>Johnson ex rel. Johnson v. Thompson</u>, 971 F.2d 1487, 1492 (10th Cir. 1992).

Plaintiff bases his claim of discrimination on defendant's alleged failure to comply with 29 C.F.R. § 1614.203(b), which provides, in part, that federal agencies "shall give full consideration to the hiring, placement, and advancement of qualified individuals with mental and physical handicaps." Plaintiff argues that, because he is a qualified individual with a physical handicap, yet the agency did not fully consider his application for the position at issue, the agency violated this regulation and, therefore, violated the Rehabilitation Act as a matter of law.

Plaintiff evidently construes § 1614.203(b)'s language to require the agency to consider every qualified applicant who is handicapped. However, the plain language of the regulation requires the agency only to give full consideration to hiring a qualified handicapped person. As defendant points out, that is exactly what the Muskogee VAMC did when it hired Ms. Corbin. Moreover, plaintiff has not cited any facts or controlling authority linking defendant's alleged violation of § 1614.203(b) to a violation of the Rehabilitation Act. For the same reasons, plaintiff's argument based on the Muskogee VAMC' s policy statement about the hiring, placement, and use of disabled veterans and handicapped persons is also unavailing.

Plaintiff has neither shown that he was not hired for the position under circumstances giving rise to an inference that he was not hired solely because of his handicap, see Pushkin v. Regents of Univ. of Colo., 658 F.2d 1372, 1387 (10th Cir. 1981), nor shown that the reasons articulated by defendant for hiring Ms. Corbin, rather than plaintiff, were pretextual. Therefore, the district court properly entered summary judgment in favor of defendant on plaintiff's claim of handicap discrimination.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

J. Thomas Marten
District Judge