**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KATHY GONZALES, individually, and
as personal representative of the ESTATE
OF CHRIS GONZALES, and as parent
and next friend of RICHARD C.
GONZALES, PATRISHA K.
GONZALES, and CHRISTINA M.
LOPEZ, minors, and ROBERT J.
CHAVEZ,

     Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

     Defendant-Appellee.

No. 96-2167
(D.C. No. CIV-95-463 LH)
(DISTRICT OF NEW MEXICO)

**ORDER AND JUDGMENT**[*]

Before **EBEL, Circuit Judge**, **HENRY, Circuit Judge**, and **MCWILLIAMS, Senior Circuit Judge.**

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

By a first amended complaint, Kathy Gonzales brought suit in the United States District Court for the District of New Mexico against the United States of America for the wrongful death of her husband, Chris Gonzales, which death, she said, was caused by "medical malpractice" by employees of the Veterans Administration Hospital in Albuquerque, New Mexico. Kathy Gonzales brought suit individually, as the personal representative of Chris Gonzales' estate, and as parent and next friend of Chris Gonzales' four children. Gonzales' claims were based on the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

By answer, the United States alleged, *inter alia,* that the district court lacked subject matter jurisdiction over Gonzales' claims which, it said, were time-barred under the Federal Tort Claims Act. After discovery, the United States filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56, based on lack of subject matter jurisdiction because of Gonzales' failure to file this action within the time limitations set forth in 28 U.S.C. § 2401(b). The district court granted the motion of the United States, treating it as a Rule 56 motion, and dismissed the action in its entirety. Gonzales appeals. We affirm. Some background facts are in order.

Chris Gonzales died on July 16, 1991, allegedly from an untreated and undiagnosed pulmonary embolism following his visit and release from the emergency room at the Veterans Administration Hospital in Albuquerque. On April 15, 1993, Kathy

Gonzales filed a claim based on wrongful death with the Office of District Counsel for the Department of Veterans Affairs ("VA") in Albuquerque, which claim admittedly was received within the two year period for filing such a claim as provided by 28 U.S.C. § 2401(b). After several extensions, the United States, by way of certified mail, return receipt requested, dated March 18, 1994, notified Kathy Gonzales that her claim for wrongful death was denied. She signed the return receipt for the March 18 denial letter on March 21, 1994. In the March 18 letter Kathy Gonzales was advised, *inter alia,* that she could request reconsideration of her claim and that such request should be filed with the VA prior to the expiration of six months from the date of the mailing of the denial notice.

About one year after the denial letter of March 18, 1994, counsel for Gonzales contacted the VA in Washington, D.C., to inquire about the status of her request for reconsideration of the denial letter. A Douglas Bradshaw, of the VA, informed counsel that he was not aware of a request for reconsideration ever having been received by the department. On April 26, 1995, Gonzales filed her initial complaint in the present proceeding and on August 18, 1995, filed her first amended complaint, with which we are here concerned.

As indicated, there was some discovery in the form of depositions and affidavits before the district court when it granted the United States' motion for summary judgment. Included therein was the affidavit of Gonzales' counsel in which she stated that she

mailed a request for reconsideration of the denial letter of March 18, 1994, on September 8, 1994, to the address given in the March 18, 1994, denial letter. Various government employees, by deposition and affidavit, stated that the request for reconsideration referred to by Gonzales' counsel in her affidavit was never received by the United States.

We believe the instant case is governed by *Moya v. United States,* 35 F.3d 501 (10th Cir. 1994). The plaintiff in *Moya* filed an administrative claim on October 1, 1991, with the VA, alleging that employees at the Veterans Administration Medical Center in Albuquerque, New Mexico, negligently caused the death of her husband. The VA by letter denied the claim on June 16, 1992. On May 20, 1993, the plaintiff filed a medical malpractice and wrongful death action against the United States in the United States District Court for the District of New Mexico. In that complaint, the plaintiff alleged that she mailed a request for reconsideration to the administrative agency on October 16, 1992. However, the United States denied ever receiving a request for reconsideration. At a hearing on the United States' motion for summary judgment, the district court held that, because the United States had not <u>received</u> plaintiff's request for reconsideration, the agency's denial letter of June 16, 1992, served as a "final denial" by the agency. Accordingly, the district court held that plaintiff's complaint was filed outside the time limitation contained in 28 U.S.C. § 2401(b). On appeal, we affirmed the district court.

In *Moya*, we noted that a plaintiff may not assert a federal tort claim unless he, or she, has prior thereto filed a claim with the appropriate federal agency within two years

- 4 -

after the claim accrues. Further, we stated that, if the claim be denied, an action must then be brought within six months after the date of mailing "of notice of final denial of the claim." 28 U.S.C. § 2401(b). More specifically, in *Moya* we said that within six months following the notice of final denial, a claimant may either file suit in district court or file a request for reconsideration, citing 28 C.F.R. § 14.9(b). We also observed, in *Moya,* that the agency had denied plaintiff's claim on June 16, 1992, and that suit was not brought until May 20, 1993, some eleven months later, and not within the six months provided for by 28 U.S.C. § 2401(b).

The "evidentiary" matter before the district court in *Moya* was summarized by us as follows:

> Plaintiff supports her claim that she filed an appropriate request for reconsideration with an affidavit from her attorney stating that the request was sent via certified mail. Plaintiff does not produce a certificate of mailing, a return receipt, a certified mail number or any acknowledgment by the defendant of having received the request. Defendant denies ever receiving a request for reconsideration from plaintiff. In support, defendant presents affidavits stating that the VA searched its files in Washington and New Mexico and found no record of the plaintiff's request. There is no independent evidence in the record indicating that plaintiff's request was ever sent, let alone received by defendant.

*Moya*, 35 F.3d at 503.

We further noted in *Moya* that, under C.F.R. § 14.2(a), a "claim" is not presented to a federal administrative agency until the claim is "received" by the agency. And we

went on to state in *Moya* that a request for reconsideration is also not presented to an agency "until it is received by the agency," and that a "[m]ailing of a request for reconsideration is insufficient to satisfy the presentment requirement." *Moya,* 35 F.3d at 504.[1]  In this latter connection, we further stated that it is "the plaintiff's burden to establish the proper agency's receipt of the request for reconsideration." *Id.*  Under the facts of *Moya*, we also rejected the concept of any "presumed delivery" of a properly addressed piece of mail, and then held that the plaintiff's complaint having been filed "out of time," the district court did not err in granting summary judgment for the United States.

We recognize that in *Moya* the request for reconsideration was allegedly mailed by certified mail, return receipt requested, some two months before expiration of the six months time limitation provided by 28 U.S.C. § 2401(b), whereas, in the instant case, the request for reconsideration, according to counsel's affidavit, was simply "mailed" some ten days before the expiration of the six month time limitation.  However, such, in our view, does not mean that in the instant case there is "presumed delivery" of any request for reconsideration.  As indicated, in *Moya* we rejected the concept of "presumed

---

[1]In *Anderberg v. United States*, 718 F.2d 977 (10th Cir. 1983), we held that a request for reconsideration must be received by the federal agency within six months of the latter's denial order, and that a request, though mailed within the six month limitation period but not received until one day beyond the six month period, was not timely filed. Similarly, in *Industrial Construction Corp. v. United States,* 15 F.3d 963, 967 (10th Cir. 1994), we held that an administrative claim is not "presented" until it is actually received by the federal agency involved.

delivery" in an action brought under the Federal Tort Claims Act, and we do so in the present case. In this regard, prior to the Federal Tort Claims Act, the United States was immune from tort liability under the doctrine of sovereign immunity. The exception provided for in the Federal Tort Claims Act is to be construed and applied as written, and neither extended nor narrowed. *See Barnson v. United States,* 816 F.2d 549 (1987), *cert. denied,* 484 U.S. 896 (1987); *Arvayo v. United States,* 766 F.2d 1416 (1985). And under *Moya,* "mailing" is simply not proof of "receipt."[2]

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge

---

[2]In count 10 of the first amended complaint, Gonzales alleged a "spoliation" of evidence claim, alleging that the United States received her request for reconsideration, and thereafter negligently or intentionally destroyed it. Assuming that such a claim is otherwise allowable, the claim must fail in view of our holding that there is no showing that the United States ever "received" any request for reconsideration from Gonzales.